UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

MELODY EVERETT,

                              Plaintiff,

                                                                   Case # 15-CV-6326-FPG

v.

                                                                     DECISION AND ORDER

NANCY A. BERRYHILL,[1] ACTING COMMISSIONER
OF SOCIAL SECURITY,

                              Defendant.
_____

      Melody Everett ("Everett" or "Plaintiff") brings this action pursuant to the Social Security Act ("the Act") seeking review of the final decision of the Commissioner of Social Security ("the Commissioner") that denied her application for disability insurance benefits ("DIB") under Title II of the Act. ECF No. 1. This Court has jurisdiction over this action under 42 U.S.C. § 405(g).

      Both parties have moved for judgment on the pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure. ECF Nos. 13, 14. For the reasons stated below, this Court finds that the Commissioner's decision is not in accordance with the applicable legal standards. Accordingly, Plaintiff's motion is GRANTED, the Commissioner's motion is DENIED, and this matter is REMANDED to the Commissioner for further administrative proceedings.

## BACKGROUND

      On May 9, 2012, Everett protectively applied for DIB with the Social Security Administration ("the SSA"). Tr.[2] 201-07. She alleged that she had been disabled since May 28, 2011 due to a back injury, chronic ulcers, kidney stones, insomnia, Raynaud's syndrome, depression, anxiety, a learning disability, and attention deficit hyperactivity disorder. Tr. 256.

---

[1]     Nancy A. Berryhill is now the Acting Commissioner of Social Security and is therefore substituted for Carolyn W. Colvin as the defendant in this suit pursuant to Federal Rule of Civil Procedure 25(d).

[2]     References to "Tr." are to the administrative record in this matter.

After her application was denied at the initial administrative level, a hearing was held before Administrative Law Judge Michael A. Rodriguez ("the ALJ") on September 10, 2013 in which the ALJ presided by videoconference and considered Everett's application *de novo*.  Tr. 70-109. Everett appeared with her attorney and testified.  *Id.*  On December 11, 2013, the ALJ issued a decision finding that Everett was not disabled within the meaning of the Act.  Tr. 59-68.  That decision became the Commissioner's final decision when the Appeals Council denied Everett's request for review on March 24, 2015.  Tr. 1-6.  Thereafter, Everett commenced this action seeking review of the Commissioner's final decision.  ECF No. 1.

## LEGAL STANDARD

### I. District Court Review

"In reviewing a final decision of the SSA, this Court is limited to determining whether the SSA's conclusions were supported by substantial evidence in the record and were based on a correct legal standard."  *Talavera v. Astrue*, 697 F.3d 145, 151 (2d Cir. 2012) (internal quotation marks omitted); *see also* 42 U.S.C. § 405(g).  The Act holds that a decision by the Commissioner is "conclusive" if it is supported by substantial evidence.  42 U.S.C. § 405(g).  "Substantial evidence means more than a mere scintilla.  It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."  *Moran v. Astrue*, 569 F.3d 108, 112 (2d Cir. 2009) (internal quotation marks omitted).  It is not this Court's function to "determine *de novo* whether [the claimant] is disabled."  *Schaal v. Apfel*, 134 F.3d 496, 501 (2d Cir. 1998) (internal quotation marks omitted); *see also Wagner v. Sec'y of Health & Human Servs.*, 906 F.2d 856, 860 (2d Cir. 1990) (holding that review of the Secretary's decision is not *de novo* and that the Secretary's findings are conclusive if supported by substantial evidence).

**II.     Disability Determination**

An ALJ must follow a five-step sequential evaluation to determine whether a claimant is disabled within the meaning of the Act. *See Bowen v. City of New York*, 476 U.S. 467, 470-71 (1986). At step one, the ALJ must determine whether the claimant is engaged in substantial gainful work activity. *See* 20 C.F.R. § 404.1520(b). If so, the claimant is not disabled. If not, the ALJ proceeds to step two and determines whether the claimant has an impairment, or combination of impairments, that is "severe" within the meaning of the Act, meaning that it imposes significant restrictions on the claimant's ability to perform basic work activities. 20 C.F.R. § 404.1520(c). If the claimant does not have a severe impairment or combination of impairments, the analysis concludes with a finding of "not disabled." If the claimant does, the ALJ continues to step three.

At step three, the ALJ examines whether a claimant's impairment meets or medically equals the criteria of a listed impairment in Appendix 1 of Subpart P of Regulation No. 4 (the "Listings"). 20 C.F.R. § 404.1520(d). If the impairment meets or medically equals the criteria of a Listing and meets the durational requirement (20 C.F.R. § 404.1509), the claimant is disabled. If not, the ALJ determines the claimant's residual functional capacity ("RFC"), which is the ability to perform physical or mental work activities on a sustained basis, notwithstanding limitations for the collective impairments. *See* 20 C.F.R. § 404.1520(e)-(f). The ALJ then proceeds to step four and determines whether the claimant's RFC permits him or her to perform the requirements of his or her past relevant work. 20 C.F.R. § 404.1520(f). If the claimant can perform such requirements, then he or she is not disabled. If he or she cannot, the analysis proceeds to the fifth and final step, wherein the burden shifts to the Commissioner to show that the claimant is not disabled. To do so, the Commissioner must present evidence to demonstrate

that the claimant "retains a residual functional capacity to perform alternative substantial gainful work which exists in the national economy" in light of his or her age, education, and work experience. *See Rosa v. Callahan*, 168 F.3d 72, 77 (2d Cir. 1999) (quotation marks omitted); *see also* 20 C.F.R. § 404.1560(c).

## DISCUSSION

### I. The ALJ's Decision

The ALJ's decision analyzed Everett's claim for benefits under the process described above. At step one, the ALJ found that Everett had not engaged in substantial gainful activity since the alleged onset date. Tr. 61. At step two, the ALJ found that Everett has the following severe impairments: degenerative disc disease and joint disease of the lumbar spine, irritable bowel syndrome, gastroenteritis, ulcers, and Raynaud's syndrome. Tr. 61-63. At step three, the ALJ found that such impairments, alone or in combination, did not meet or medically equal an impairment in the Listings. Tr. 63-64.

Next, the ALJ determined that Everett retained the RFC to perform sedentary work[3] with the following limitations: she can sit, stand, or walk for six hours in an eight hour day; she can lift and carry 10 pounds occasionally and less than 10 pounds frequently; she cannot push or pull, climb ropes, ladders, scaffolds, stairs, or ramps, work at heights, kneel, or crawl; she can occasionally balance, stoop, and crouch; she can frequently reach and bilaterally perform manual dexterity functions; she cannot be exposed to hot or cold temperature extremes; and she can have limited exposure to fumes, dust, gases, and odors. Tr. 64-67.

---

[3] "Sedentary work involves lifting no more than 10 pounds at a time and occasionally lifting or carrying articles like docket files, ledgers, and small tools. Although a sedentary job is defined as one which involves sitting, a certain amount of walking and standing is often necessary in carrying out job duties. Jobs are sedentary if walking and standing are required occasionally and other sedentary criteria are met." 20 C.F.R. § 404.1567(a).

At step four, the ALJ indicated that he relied on a vocational expert's testimony[4] and found that this RFC prevents Everett from performing her past relevant work. Tr. 67. At step five, the ALJ relied on the Medical-Vocational Guidelines ("the Grid"), 20 C.F.R. Part 404, Subpart P, App'x 2, to determine that Everett was capable of making an adjustment to other work that exists in significant numbers in the national economy given her RFC, age, education, and work experience. Tr. 67-68. Accordingly, the ALJ concluded that Everett was not "disabled" under the Act. Tr. 68.

## II.     Analysis

Everett argues that the ALJ's decision is not supported by substantial evidence because he failed to elicit vocational expert testimony at step five of his analysis. ECF No. 13-2, at 23-24.[5] This Court agrees that the ALJ erred as a matter of law at step five.

As explained above, at step five the ALJ must consider the claimant's RFC, age, education, and work experience to determine whether he or she can adjust to other work for which there are a significant number of jobs in the national economy. At this step, the burden shifts to the Commissioner to prove that the claimant can transition to other work. *Baron v. Astrue*, No. 08-CV-3303 (CBA), 2010 WL 563069, at *5 (E.D.N.Y. Feb. 17, 2010). "In satisfying this burden, the Commissioner must produce evidence to show alternative employment that exists in significant numbers in the national economy." *Id.* (citation omitted).

One way an ALJ can make his or her step five determination is by relying on the Grids, which are a set of rules that indicate either "disabled" or "not disabled" based on a claimant's

---

[4] Despite the ALJ's assertion that he relied on a vocational expert at step four, the hearing transcript lacks vocational expert testimony (Tr. 70-109) and it appears that the record is devoid of any vocational expert opinion.
[5] Everett advances other arguments that she believes require reversal of the Commissioner's decision. ECF No. 13-2, at 14-22. However, because this Court disposes of this matter based on the ALJ's error at step five, those arguments need not be reached.

5

age, education, and work history for each given level of exertion.[6]  *See* 20 C.F.R. Part 404, Subpart P, App'x 2.  If the Grids adequately reflect a claimant's condition, then the ALJ can rely on them at step five to determine whether the claimant is disabled.  *Bapp v. Bowen*, 802 F.2d 601, 605-06 (2d Cir. 1986).

However, exclusive reliance on the Grids is inappropriate where the Grids fail to account for the full extent of the claimant's limitations.  *Id*; *Rosa v. Callahan*, 168 F.3d 72, 78 (2d Cir. 1999); 20 C.F.R., Part 404, Subpart P, App'x 2 § 200.00(a) ("Where any one of the findings of fact does not coincide with the corresponding criterion of a rule, the rule does not apply in that particular case and, accordingly, does not direct a conclusion of disabled or not disabled.").  In particular, an ALJ's sole reliance on the Grids constitutes legal error where the claimant's limitations result in "the additional loss of work capacity beyond a negligible one or, in other words, one that so narrows a claimant's possible range of work as to deprive him of a meaningful employment opportunity."  *Bapp*, 802 F.2d at 606.  "In these circumstances, the Commissioner must introduce the testimony of a vocational expert (or other similar evidence) that jobs exist in the economy which claimant can obtain and perform."  *Rosa*, 168 F.3d at 78 (quoting *Bapp*, 802 F.2d at 603) (internal quotation marks omitted).

Here, the ALJ found that Everett retained the RFC to perform sedentary work with additional limitations.  Tr. 64-67.  At step five the ALJ acknowledged that Everett was unable to perform the full range of sedentary work, yet he concluded that sole reliance on the Grids was appropriate because "the additional limitations have little or no effect on the occupational base of unskilled sedentary work."  Tr. 68.  Courts throughout the Second Circuit have held that this type of conclusory language, without more, is insufficient to support the ALJ's decision to rely on the

---

[6]  Jobs are separated into five categories based on their physical exertion requirements: sedentary, light, medium, heavy, or very heavy.  20 C.F.R. § 404.1567.

Grids. *See, e.g.*, *Hernandez v. Colvin*, No. 13-CV-03035 (RPP), 2014 WL 3883415, at *14-16 (S.D.N.Y. Aug. 7, 2014); *Solsbee v. Astrue*, 737 F. Supp. 2d 102, 116 (W.D.N.Y. 2010) ("If the ALJ chooses to proceed without vocational expert testimony, the ALJ 'must provide a similar degree of specificity to achieve the underlying objectives of procedural fairness to the claimant and preservation of an adequate record of review.'") (citing *Decker v. Harris*, 647 F.2d 291, 298 (2d Cir. 1981)).

The ALJ's acknowledgment that "[t]here *may be* a number of occupations from the approximately 200 occupations administratively noticed, and jobs that exist in significant numbers, which an individual *may* still be able to perform even with a sedentary occupational base that has been eroded" does not satisfy the Commissioner's burden to prove that Everett can transition to other work. Tr. 68 (emphasis added). As explained in the Social Security Rulings,

> "[w]here there is more than a slight impact on the individual's ability to perform the full range of sedentary work, if the [ALJ] finds that the individual is able to do other work, the [ALJ] *must cite examples* of occupations or jobs the individual can do and *provide a statement* of the incidence of such work in the region where the individual resides or in several regions of the country."

S.S.R. 96-9p, 1996 WL 374185, at *5 (S.S.A. July 2, 1996) (emphasis added).

The ALJ's failure to elaborate on or explain his conclusion that a vocational expert's testimony was not necessary in Everett's case is a legal error that warrants remand. *See, e.g.*, *Seals v. Colvin*, 15-CV-387-FPG, 2016 WL 3996718, at *4 (W.D.N.Y. July 25, 2016) (citations omitted); *Pratts v. Chater*, 94 F.3d 34, 39 (2d Cir. 1996).

## CONCLUSION

Plaintiff's Motion for Judgment on the Pleadings (ECF No. 13) is GRANTED, the Commissioner's Motion for Judgment on the Pleadings (ECF No. 14) is DENIED, and this matter is REMANDED to the Commissioner for further administrative proceedings consistent

with this opinion, pursuant to sentence four of 42 U.S.C. § 405(g). *See Curry v. Apfel,* 209 F.3d 117, 124 (2d Cir. 2000); 42 U.S.C. § 1383(c)(3). The Clerk of Court is directed to enter judgment and close this case.

IT IS SO ORDERED.

Dated: March 23, 2017
      Rochester, New York

_____
HON. FRANK P. GERACI, JR.
Chief Judge
United States District Court